1  HARDY RAY MURPHY, CA Bar No. 187149
   hardy.murphy@ogletree.com
2  ALEXANDRA C. AURISCH, CA Bar No. 296525
   alexandra.aurisch@ogletree.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  400 South Hope Street, Suite 1200
   Los Angeles, CA  90071
5  Telephone:  213-239-9800
   Facsimile:   213-239-9045
6
   Attorneys for Defendant
7  ADVANCE AMERICA, CASH
   ADVANCE CENTERS OF
8  CALIFORNIA, LLC

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12 | LISET VIAMONTES, an individual, | Case No. 5:19-cv-2389 |
   and on behalf of others similarly | **DEFENDANT ADVANCE AMERICA,**
13 situated, | **CASH ADVANCE CENTERS OF**
                  | **CALIFORNIA, LLC'S NOTICE OF**
          Plaintiff, | **REMOVAL OF CIVIL ACTION TO**
14        v. | **UNITED STATES DISTRICT COURT**
   ADVANCE AMERICA, CASH |
15 ADVANCE CENTERS, INC., a | [Filed concurrently with Civil Cover
   Delaware corporation; ADVANCE | Sheet; Certification of Interested Parties
16 AMERICA, CASH ADVANCE | and Disclosure Statement; Notice of
   CENTERS OF CALIFORNIA, LLC, a | Related Cases; Declarations of Leigh
17 Delaware corporation; and DOES 1 | Santanello and Alexandra Aurisch in
   through 50, inclusive, | Support of Removal]
18        Defendants. |

19

20 Complaint Filed: September 25, 2019
   Trial Date:       None
21 Trial Judge:     Hon. _____

22

23

24

25

26

27

28

Case No. 5:19-cv-2389

Notice of Removal
- Final.docx

DEFENDANT ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1       TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

2   DISTRICT OF CALIFORNIA, TO PLAINTIFF AND HER ATTORNEYS OF

3   RECORD:

4       1.    PLEASE TAKE NOTICE THAT defendant Advance America, Cash

5   Advance Centers of California, LLC ("AA-California, LLC" or "Defendant"), by

6   and through the undersigned counsel, hereby removes the above-entitled action from

7   the Superior Court of the State of California for the County of San Bernardino to the

8   United States District Court for the Central District of California pursuant to 28

9   U.S.C. Sections 1332, 1441(a) and 1446.  In support of this removal, Defendant

10  states as follows: On or about September 25, 2019, Plaintiff Liset Viamontes

11  ("Plaintiff" or "Viamontes") filed a civil Complaint in the Superior Court of

12  California, for the County of San Bernardino, entitled *Liset Viamontes, an individual,*

13  *and on behalf of others similarly situated vs. Advance America, Cash Advance*

14  *Centers, Inc., a Delaware corporation; Advance America, Cash Advance Centers of*

15  *California, LLC, a Delaware corporation; and Does 1-50, inclusive*, bearing the case

16  number CIVDS1928605 (the "Action" or "Complaint").[1]  (True and correct copies of

17  the Summons and Complaint, as well as of all process, pleadings, and orders served

18  upon Defendant in the state court action are attached hereto as **Exhibit "A**.")

19      2.    As set out more fully below, this Court has original jurisdiction over

20  this Action and Defendant may therefore remove this Action to this Court under 28

21  U.S.C. §§ 1332(a), 1441(a) and 1446, in that this dispute is between citizens of

22  different states and the alleged amount in controversy is greater than $75,000.

23

24

25

26

27  [1] The caption on Plaintiff's Complaint states "and on behalf of others similarly situated" but this is erroneous, as the Complaint contains charging allegations only by Plaintiff against Defendant and the Civil Case Cover Sheet filed in the state court indicates the case "is not complex."

28

DEFENDANT ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

Notice of Removal
- Final.docx

## I. THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED

3. The Complaint asserts the following seven causes of action: (1) Disability Discrimination (Government Code § 12940(a)- FEHA); (2) Failure to Accommodate (Government Code § 12940(m)- FEHA); (3) Failure to Engage in an Interactive Process (Government Code § 12940(n)- FEHA); (4) Disability Harassment  (Government Code § 12940- FEHA); (5) Failure to Prevent Discrimination, Harassment, and Retaliation (Government Code § 12940(k)- FEHA); (6) Retaliation  (Government Code § 12940(h)- FEHA); and (7) Wrongful Termination in Violation of Public Policy. The Complaint includes a Demand for Jury Trial.

4. Pursuant to Cal. Code Civ. Proc. § 415.30, service of process on Defendant was completed on November 12, 2019. (A true and correct copy of the notification of Notice of Acknowledgment of Receipt is attached hereto as **Exhibit "B"**; *see also* Declaration of Alexandra Aurisch ["Aurisch Decl."], ¶ 3).

5. On December 10, 2019, Defendant filed an answer in the Superior Court for the County of San Bernardino.  (A true and correct copy of the answer is attached hereto as **Exhibit "C".**)

6. In accordance with 28 U.S.C. § 1446(a), this Notice is filed in the District Court in which the action is pending.  The San Bernardino County Superior Court is located within the Eastern Division of the Central District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(c)(3) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

7. In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff and a notice will be filed with the Clerk of the Superior Court of California for the County of San Bernardino.  Notice of Compliance shall be filed promptly thereafter with this Court.

Case No. _____

Notice of Removal
- Final.docx

## II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

8.     The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. §1332(a).  As set forth below, Plaintiff's claims, as alleged in her Complaint, are removable under 28 U.S.C. §1332(a) (diversity of citizenship).

### A.   Diversity of Citizenship Requirement is Established

#### 1.     Plaintiff Is An Individual And A Citizen Of California

9.     For diversity purposes, an individual is a "citizen" of the state in which she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).   An individual's domicile is the place she resides with the intention to remain or to which she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

10.     Plaintiff was at all times relevant to this lawsuit domiciled in the State of California, County of San Bernardino. (Complaint, ¶ 7; *See* Declaration of Leigh Santanello in Support of Defendant's Notice of Removal, or "Santanello Decl.," ¶ 7.) Accordingly, Plaintiff is a **citizen**, **resident** and **domiciliary** of the State of California for purposes of this removal.

#### 2.     Defendants Advance America, Cash Advance Centers, Inc. and AA-California, LLC Are Not Citizens of California

11.     AA-California, LLC was, at the time of the filing of this action, and still is a limited liability company ("LLC"), organized under the laws of the State of Delaware.  (Santanello Decl., ¶ 3.)  Advance America LLC's principal place of business is located in the State of South Carolina. (*Id.*)

12.     An LLC is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Advance America's sole member and 100% owner is

1  Defendant Advance America, Cash Advance Centers, Inc. ("AACAC, Inc.").

2  (Santanello Decl., ¶ 4.)

3       13.    AACAC, Inc. was, at the time of the filing of this action, and still is

4  incorporated under the laws of the State of Delaware, with its principal place of

5  business and "nerve center" located in the State of South Carolina. (Santanello Decl.,

6  ¶ 5.)  Further, AACAC, Inc's United States headquarters is and has been located in

7  Spartanburg, South Carolina, where its key company officers work, company

8  decisions are made, and key administrative functions are performed.  (*Id.*)

9       14.    A corporation's citizenship is determined by its state of incorporation

10  and principal place of business.  28 U.S.C. §1332(c)(1).  The United States Supreme

11  Court established the proper test for determining a corporation's principal place of

12  business for purposes of diversity jurisdiction in *The Hertz Corporation v. Friend*,

13  130 S.Ct. 1181 (2010).  The Supreme Court concluded that the "'principal place of

14  business' is best read as referring to the place where a corporation's officers direct,

15  control, and coordinate the corporation's activities." *Id.* at 1184.  Accordingly,

16  AACAC, Inc. is not a citizen of the State of California.  Rather, AACAC, Inc. is a

17  citizen, resident and domiciliary of either the State of Delaware and/or the State of

18  South Carolina.

19       15.    Because AACAC, Inc.'s states of citizenship are Delaware and South

20  Carolina, AA-California, LLC's states of citizenship are also Delaware and South

21  Carolina.  AA-California, LLC is not a citizen of the State of California.Therefore, at

22  all material times, complete diversity exists as between Plaintiff, a citizen of

23  California, and Defendants, citizens of Delaware and South Carolina.  28 U.S.C. §

24  1332(a).

25      **3.     The Citizenship of "Doe" Defendants Must Be Disregarded**

26       16.    The citizenship of fictitiously named "Doe" defendants is disregarded

27  for purposes of removal. *See* 28 U.S.C. § 1441(b)(2); *see also Newcombe v. Adolf*

28  *Coors Co.* 157 F.3d 686, 690 (9th Cir. 1998) (holding that, in determining whether

Case No. _____

DEFENDANT ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1  diversity exists, only the named defendants are considered). Therefore, Plaintiff's

2  including in her civil compliant of "Does 1-50" cannot defeat diversity jurisdiction.

3  **B.** **Defendant Only Has To Show By A Preponderance Of The**

4  **Evidence That The Amount In Controversy Exceeds $75,000.**

5  17.  The amount in controversy exceeds the requisite sum of $75,000,

6  exclusive of interest and costs, under 28 U.S.C. §1332(a).  In determining whether

7  the jurisdictional minimum is met, the Court considers all recoverable damages,

8  including compensatory damages, emotional distress damages, punitive damages,

9  statutory penalties, and attorneys' fees.  *See Hunt v. Washington State Apple*

10  *Advertising Comm'*n, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*,

11  142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services*,

12  Inc., 75 F.3d 311, 315 (7th Cir. 1996).

13  18.  Where, as here, the complaint does not specify a particular amount of

14  damages, the removing defendant need only establish by a preponderance of

15  evidence that the amount in controversy exceeds $75,000.  *See Sanchez v.*

16  *Monumental Life Ins. Co.,* 102 F.3d 398, 403–04 (9th Cir.1996).  The removing

17  defendant meets this burden if it establishes that it is "more likely than not" that the

18  amount in controversy exceeds $75,000.  *Id.*

19  19.  To meet this relatively low burden of production regarding the amount

20  in controversy, a defendant may rely on plaintiff's allegations, which are assumed to

21  be true, and provide supplementary facts or numbers upon which the amount in

22  controversy can reasonably be calculated.  *See Korn v. Polo Ralph Lauren Corp.*,

23  536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In addition to the contents of the

24  removal petition, the court considers 'summary-judgment-type evidence relevant to

25  the amount in controversy at the time of removal,' such as affidavits or

26  declarations"); *Rippee v. Boston Mkt. Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal.

27  2005) (allowing the use of "Defendant's own numbers" for "purposes of analyzing

28  the amount in controversy"). Such calculations are more than sufficient to establish

Case No. _____

Notice of Removal
- Final.docx

1  the amount in controversy.  *See Rippee*, 408 F. Supp. 2d at 986 ("The amount of

2  overtime claims in controversy can . . . be calculated using a combination of

3  Defendant's own numbers and Plaintiff's allegations").

4       20.    Furthermore, in a recent Ninth Circuit decision, the Court confirmed

5  that the:

6             amount in controversy is ***not limited to damages incurred***

7             ***prior to removal***—for example, it is not limited to wages a

8             plaintiff-employee would have earned before removal (as

9             opposed to after removal).  Rather, the amount in

10             controversy is ***determined by the complaint operative at the***

11             ***time of removal and encompasses all relief a court may***

12             ***grant on that complaint if the plaintiff is victorious.***

13  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-415 (9th Cir.

14  2018) (emphasis added).

15       The complaint in *Chavez* bears a striking number of similarities to Plaintiff's

16  instant Complaint: 1) both allege discrimination and retaliation on the basis of

17  disability in violation of FEHA and wrongful termination in violation of public

18  policy; 2) both seek loss of earnings, medical expenses, loss of earning capacity/front

19  pay, attorneys' fees and costs, punitive damages, and prejudgment interest, and

20  3)  both plaintiffs earned less than $40K a year.  *Chavez* at 415-417. The Ninth

21  Circuit in *Chavez* found that based on the plaintiff's complaint, "the amount-in-

22  controversy requirement is easily satisfied here." *Id*. at 415.

23       25.    In her Complaint, Plaintiff seeks damages for lost past and future

24  income, lost benefits, damage to her career, lost wages, unpaid expenses,

25  psychological and emotional distress, and mental and physical pain and anguish.

26  (Complaint, ¶¶ 13, 27, 28, 38, 39, 46, 47, 52, 53, 64, 65, 78, 79, 86, 87, 96, 101, and

27  103.)  Plaintiff also seeks recovery of "attorneys' fees."  (Complaint, ¶¶ 56, 68, 82,

28  90, and 105 and Prayer for Relief, p. 19. ln. 27.)  Finally, Plaintiff also seeks

Case No. _____

DEFENDANT ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

Notice of Removal
- Final.docx

1   "punitive damages."  (Complaint ¶¶ 29, 41, 48, 55, 67, 81, 89, and 104 and Prayer

2   for Relief, p. 19, ln. 25.)  Considered together, the general and special damages

3   sought by Plaintiff, along with the attorneys' fees and punitive damages that might

4   be awarded on her claims if Plaintiff prevails, establish by a preponderance of the

5   evidence that the amount in controversy exceeds $75,000. Specifically, Defendant

6   estimates[2] the amount in controversy as follows:

7        26.   <u>Loss of Income and Employment Benefits</u>.  In the Complaint, Plaintiff

8   specifically alleges that she has suffered and continues to suffer losses in earnings

9   and benefits as a direct and proximate result of Defendant's alleged actions.

10  (Complaint, ¶¶ 13, 27.)  Plaintiff's last day of employment with AA-California, LLC

11  was March 20, 2018.  (Santanello Decl., ¶ 6.)  Plaintiff's hourly wage at the time of

12  termination was $12.20 per hour. (*Id*.) Based on her wage statements, Plaintiff

13  earned about $439.38 in earnings per week. This results in an annual compensation

14  of approximately $22,847.76 per year, or $1,903.98 per month. (*Id*.) This amount

15  does not include additional non-monetary benefits.  (*Id*.)

16       27.   In her Complaint, Plaintiff seeks loss of earnings and front pay.

17  (Complaint, ¶ 27; Prayer for Relief, p. 19. ¶¶ 1-2.) Specifically, Plaintiff alleges that

18  she "has suffered and will suffer harm, including lost past and future income and

19  employment benefits, damage to her career, and lost wages, unpaid expenses, and

20  penalties, as well as interest on unpaid wages at the legal rate from and after each

21  payday on which those wages should have been pain, in a sum to be proven at trial.

22  (Complaint, ¶ 27) As examined in detail by the Ninth Circuit in *Chavez*, "[i]f a

23  plaintiff claims at the time of removal that her termination caused her to lose future

24  wages, and if the law entitles her to recoup those future wages if she prevails, then

25

26  _____

27  [2] By estimating the amounts Plaintiff may recover if she prevails, Defendant does not concede that Plaintiff will prevail on any of her claims or that, if she prevails, she is entitled to damages in any particular amount or at all.  Defendant reserves the full

28  right to dispute Plaintiff's claims with respect to both liability and damages.

DEFENDANT ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

Notice of Removal
- Final.docx

1    there is no question that future wages are "at stake" in the litigation, whatever the

2    likelihood that she will actually recover them. In such a situation, although the

3    plaintiff's employer would have paid the wages in the future had she remained

4    employed, they are *presently* in controversy." *Chavez, supra*, at 417.

5         28. Although Defendant denies Plaintiff is entitled to recover any such

6    damages, if Plaintiff is able to recover back wages from her alleged last date of

7    employment until the present—approximately 21 months—the amount of back pay

8    could equal $39,983.58.

9         29.    Additionally, based on the September 2019 Judicial Caseload Profile for

10   the Central District of California obtained from the United States District Courts'

11   official website (https://www.uscourts.gov/statistics/table/na/federal-court-

12   management-statistics/2019/09/30-1), the median time from filing to trial in a civil

13   matter is over 22 months. (Aurisch Decl., ¶ 5, **Exhibit "D".**) By the time this case is

14   resolved at trial, likely no earlier than July 2021 (approximately 22 months from the

15   date the lawsuit was filed, September 25, 2019), and Plaintiff remains unemployed,

16   she would likely seek at least 40 months of **back pay alone**, which is approximately

17   **$76,159.20.** This amount also excludes prejudgment interest, which Plaintiff also

18   seeks to recover. (Prayer for Relief, p. 19. ¶ 1.)

19        30.    In addition, front pay awards in California frequently span a number of

20   years. *See, e.g., Bihun v. AT&T Information Systems, Inc.*, 13 Cal. App. 4th 976,

21   996-997 (1993) (upholding front pay award under the Fair Employment and Housing

22   Act that compensated plaintiff for the remainder of his entire working life)

23   (*disapproved on other grounds in Lakin v. Watkins Associated Indus.*, 6 Cal. 4th 644

24   (1993)).  If Plaintiff seeks front pay damages for only the four years immediately

25   following trial, the amount of future wages in controversy could total at least an

26   additional $91,391.04.

27

28

Case No. _____

DEFENDANT ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1    31.    By virtue of Plaintiff's own Complaint, she alleges and places at issue

2  an amount in controversy in lost earnings, loss of earning capacity, and front pay

3  alone that exceeds the $75,000 jurisdictional requirement.

4    32.    <u>Emotional Distress</u>.  Plaintiff also specifically alleges that "As a

5  consequence of defendants' conduct, Plaintiff suffered and will suffer psychological

6  and emotional distress, humiliation, and mental and physical pain and anguish, in a

7  sum to be proven at trial." (Complaint, ¶ 28.)

8    33.    While Plaintiff does not state a specific amount of damages for

9  emotional distress, "the vagueness of plaintiff's pleadings with regard to emotional

10  distress damages should not preclude the court from noting these damages are

11  potentially substantial." *Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 450 (S.D.

12  Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction

13  of amount in controversy).  Emotional distress damages in cases similar to Plaintiff's

14  can indeed be substantial.  *See e.g.*, *Kivman v. Worldwide Aeros Corp.* 2013 WL

15  3340152 (awarding plaintiff $75,000 for emotional distress in a disability

16  discrimination, failure to accommodate and wrongful termination case); *Lesick v.*

17  *Centinela Valley Endoscopy Center Inc.*, 2017 WL 2497082 (Los Angeles County

18  Superior Court) (awarding $84,000 in emotional distress damages in a case alleging

19  disability discrimination, failure to accommodate, and failure to engage in the

20  interactive process); *Izaguirre v. International Coffee & Tea LLC,* 2013 WL

21  6624243  (Los Angeles Superior Court) (awarding $85,000 in emotional distress

22  damages in a case alleging failure to provide reasonable accommodation, failure to

23  engage in the interactive process, disability discrimination, retaliation and wrongful

24  termination).

25    34.    Similar to the cases summarized in the preceding paragraph, Plaintiff

26  alleges that AA-California, LLC discriminated against and wrongfully terminated

27  her employment.  Accordingly, even from a conservatively measured standpoint,

28  Plaintiff's prayer for emotional distress damages demonstrates that the amount in

Case No. _____

DEFENDANT ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1  controversy exceeds $75,000.

2      35.     Punitive Damages.  Plaintiff also specifically alleges that "Defendants'

3  conduct constitutes oppression, fraud, and/or malice under Civil Code section 3294,

4  so as to entitle Plaintiff to an award of exemplary/punitive damages." (Complaint,

5  ¶ 29.)

6      36.     The amount in controversy calculation may include punitive damages.

7  *St. Paul Reinsurance Co. v. Greenburg,* 134 F.3d 1250, 1253-1254 (5th Cir. 1998);

8  *Anthony Security Pac. Fin. Serv., Inc.,* 75 F.3d 311, 315 (7th Cir. 1996); *Watson v.*

9  *Blankinship,* 20 F.3d 383, 386-387 (10th Cir. 1994); *see also See Simmons v. PCR*

10 *Tech.,* 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (finding that the plaintiff's

11 alleged lost income of $25,600.00 at the time of removal, included with unspecified

12 amounts for medical expense damages, emotional damages, punitive damages, and

13 attorney's fees anticipated to incur through trial, satisfy the amount in controversy

14 required to establish diversity jurisdiction); *White v. FCI United States, Inc.,* 319

15 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list

16 of compensatory and punitive damages" including emotional distress, etc. combined

17 with a claim for attorney fees and punitive damages, was sufficient to exceed the

18 $75,000 minimum required to establish diversity jurisdiction).  Like emotional

19 distress damages, punitive damages alone in this case may exceed the amount in

20 controversy.  See *Doutt v. Human Healthy Vending LLC*, 2017 WL 3277219 (Los

21 Angeles Superior Court) (awarding $108,000 in punitive damages for disability

22 discrimination, retaliation and wrongful termination); *Escoto v. Metric Machining*,

23 2013 WL 9554716 (San Bernardino Superior Court) (awarding $75,000 in punitive

24 damages for disability discrimination and wrongful termination.)

25      37.     Attorney Fees. Finally, Plaintiff seeks attorney fees. (Prayer for Relief,

26 p. 19. ln. 27.)  For a prevailing party under FEHA, attorney fees are recoverable as a

27 matter of right.  Cal. Gov. Code, § 12965(b).  Accordingly, the Court can consider

28 these fees when determining the amount in controversy.  *Galt G/S v. JSS*

DEFENDANT ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1    *Scandinavia,* 142 F.3d 1150, 1155-1156 (9th Cir. 1998) ("where an underlying

2    statute authorizes an award of attorneys' fees, either with mandatory or discretionary

3    language, such fees may be included in the amount in controversy"); *Brady v.*

4    *Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-1011 (N.D. Cal. 2002)

5    ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a

6    reasonable estimate of fees likely to be incurred to resolution is part of the benefit

7    permissibly sought by the plaintiff and thus contributes to the amount in

8    controversy").  In employment cases, fee awards potentially can be high.  This

9    amount alone can sometimes eclipse the $75,000 amount in controversy requirement

10   for diversity jurisdiction.  *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1025 (N.D.

11   Cal. 2002) ("Maintaining a race discrimination claim will undoubtedly require

12   substantial effort from counsel.  The court notes that in its twenty-plus years'

13   experience, attorneys' fees in individual discrimination cases often exceed the

14   damages"); *Flannery v. Prentice,* 26 Cal.4th 572, 576 (2001) ("$891,042 in fees and

15   expenses for the underlying case and $80,642 in fees and expenses for fee work" in

16   FEHA case awarded by trial court and affirmed by Court of Appeal); *Akers v.*

17   *County of San Diego,* 95 Cal.App.4th 1441, 1445 (2002) (affirming "$249,345 in

18   attorney fees" in pregnancy/gender discrimination case); *Amochaev v. Citigroup*

19   *Global Markets Inc.,* 2008 WL 3892291 (N.D. Cal. 2008) ($6.5 million in attorneys'

20   fees awarded in a retaliation case); *Equal Employment Opportunity Commission v.*

21   *Albion River Inn Inc.,* 2008 WL 928368 (N.D. Cal. 2008) (awarding $75,000 in

22   attorneys' fees in a single plaintiff case which included a claim for wrongful

23   termination).

24       **C.    The Amount In Controversy Exceeds $75,000.**

25       38.    Plaintiff's claim for back pay alone exceeds the $75,000 jurisdictional

26   requirement. Further, when Plaintiff's potential emotional distress damages, punitive

27   damages, and attorney fees are added to Plaintiff's potential economic damages, it

28   easily becomes "more likely than not" that the amount at issue in this lawsuit far

Notice of Removal
- Final.docx

DEFENDANT ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1  exceeds the minimum amount required for diversity jurisdiction.  *Sanchez v.*

2  *Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir.) *opinion amended and*

3  *superseded on denial of reh'g,* 102 F.3d 398 (9th Cir. 1996).   Based upon the

4  allegations contained in Plaintiff's Complaint, as discussed above, Defendant is

5  therefore informed, believes and allege that the amount in controversy in this action

6  exceeds $75,000 and, accordingly, Plaintiff seeks damages within the jurisdictional

7  authority of this Court.  Since diversity of citizenship exists between the Plaintiff and

8  Defendants and the amount in controversy between the parties is in excess of

9  $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C.

10  section 1332(a)(1).  This action is therefore proper for this Court to remove.

11  **III.   CONCLUSION**

12       WHEREFORE, Defendant respectfully requests that the above-referenced

13  Action brought in the Superior Court for the County of San Bernardino be

14  immediately removed to this Court.

15

16  DATED: December 12, 2019          OGLETREE, DEAKINS, NASH, SMOAK &
                                       STEWART, P.C.
17                                     By: /s/ Alexandra C. Aurisch
                                          Hardy Ray Murphy
18                                        Alexandra C. Aurisch

19                                     Attorneys for Defendant
                                       ADVANCE AMERICA, CASH ADVANCE
20                                     CENTERS OF CALIFORNIA, LLC

21

22

23

24

25

26

27

28

Case No. _____

DEFENDANT ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT