1  HARDY RAY MURPHY, CA Bar No. 187149
   hardy.murphy@ogletree.com
2  JERALD L. MONSON, CA Bar No. 287419
   jerald.monson@ogletree.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  400 South Hope Street, Suite 1200
   Los Angeles, CA  90071
5  Telephone:  213-239-9800
   Facsimile:    213-239-9045
6
   Attorneys for Defendant
7  ADVANCE AMERICA, CASH
   ADVANCE CENTERS OF
8  CALIFORNIA, LLC

9

                 **UNITED STATES DISTRICT COURT**
10
                **CENTRAL DISTRICT OF CALIFORNIA**
11

12 | LISET VIAMONTES, an individual, and on behalf of others similarly situated, | Case No. 5:19-cv-02389 JGB (SHKx) |

**STIPULATED PROTECTIVE ORDER**

[Filed concurrently with [~~Proposed~~] Order on Stipulated Protective Order]

Complaint Filed: September 25, 2019
Trial Date:        October 26, 2021
District Judge:    Hon. Jesus G. Bernal
                   Courtroom 1, Riverside
Magistrate Judge: Hon. Shashi H.
                   Kewalramani
                   Courtroom 3 or 4,
                   Riverside

13
                                    Plaintiff,
14
                   v.
15
16 ADVANCE AMERICA, CASH
   ADVANCE CENTERS, INC., a
17 Delaware corporation; ADVANCE
   AMERICA, CASH ADVANCE
18 CENTERS OF CALIFORNIA, LLC, a
   Delaware corporation; and DOES 1
19 through 50, inclusive,

20                                  Defendants.

21
22
23
24
25
26
27
28

**STIPULATION**

Plaintiff, LISET VIAMONTES ("Plaintiff") and defendants, ADVANCE AMERICA and CASH ADVANCE CENTERS OF CALIFORNIA, LLC ("Defendants") by and through their counsel of record, hereby stipulate and agree to the entry of a Protective Order in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, as follows:

1.　　A. **PURPOSES AND LIMITATIONS**

The grounds for this Protective Order are that discovery in this action involves the disclosure of potentially confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties hereby stipulate to and petition to Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal.  United States District Court, Central District of California, Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

　　　　B. **GOOD CAUSE STATEMENT**

The information that may be produced in this action and may be designated under this Protective Order includes, but is not limited to: (1) proprietary procedures, manuals, handbooks, and policies; (2) proprietary and confidential operations information, including management training materials; (3) internal business information; (4) medical records and private financial information of Plaintiff;

(5) private information belonging to third parties, including, but not limited to, past and present employees of Defendants; (6) proprietary compensation information, including employee benefits offerings; and (7) other similar proprietary, confidential, or private information.

This Protective Order is needed to ensure fair and efficient completion of discovery while protecting the parties' and third parties' rights in such confidential, sensitive information and minimizing judicial intervention in the discovery process. Prejudice or harm to a party or third party may result if no protective order is granted. Defendants contend business competitors of Defendants could obtain an unfair advantage, Defendants could be economically prejudiced, and the privacy rights of Defendants' past and present employees could be violated if any of the confidential information identified above is published for purposes outside those permitted in this Protective Order. Nothing in this Agreement shall be construed as a stipulation that any particular documents are confidential or covered by privacy rights, only that Plaintiff and Defendants (collectively, the "Parties") recognize that each party may assert such rights and, accordingly, agree to abide by the procedures set forth herein. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

## 2.   DEFINITIONS

2.1   Party: any party to this action, including all of his/its attorneys, officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure Or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other

things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    Testimony: all depositions, declarations or other testimony taken or used in this matter.

2.4    Confidential: any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

2.5    Protected Material: any Disclosure or Discovery Material or Testimony that is designated as "Confidential."

2.6    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.8    Designating Party: a Party or non-party that designates Disclosure or Discovery Material or Testimony as "Confidential."

2.9    Counsel: Outside Counsel and House Counsel (as well as their support staffs), with House Counsel defined as attorneys who are and/or were employees of a Party, and Outside Counsel defined as attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party, whether or not retained to testify at any oral hearing. This definition includes, but is not limited to, a professional jury or trial consultant retained in connection with this litigation.

2.11   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.   SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.   DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   Exercise Of Restraint And Care In Designating Material For Protection. Each Party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of materials, documents, items, or oral or written communications that qualify – so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Mass, indiscriminate, or routine designations are prohibited.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner And Timing Of Designations.  Except as otherwise provided in this Protective Order (e.g., second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a)    For Information In Documentary Form (Apart From Transcripts Of Depositions Or Other Pretrial Or Trial Proceedings): that the Designating Party affix the legend "CONFIDENTIAL" on each page that contains designated Confidential Disclosure or Discovery Material or Testimony.

(b)    For Testimony Given In Deposition Or In Other Pretrial Or Trial Proceedings: that the Designating Party either: (i) identify on the record, before the close of deposition, hearing or other proceeding, all Confidential Disclosure or Discovery Material or Testimony, by specifying portions of the Testimony that qualify as "Confidential;" or (ii) designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the Testimony are designated for protection, the transcript pages containing Confidential Disclosure or Discovery Material or Testimony must be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

(c)    For Information Produced In Some Form Other Than Documentary, And For Any Other Tangible Items: that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions.

(d)    For Information In Documentary Form That Was Produced On Or Before The Date Upon Which This Protective Order Was Entered Into: that each Party shall have thirty (30) days from the date of execution of this Protective Order to designate documents as "CONFIDENTIAL" by affixing the legend "CONFIDENTIAL" on each page that contains protected material.

5.3    Inadvertent Failures To Designate.  The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Disclosure or Discovery Material or Testimony in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Disclosure or Discovery Material or Testimony that is subject to a "Confidential" designation is inadvertently not designated as "Confidential", the Party that inadvertently did not designate the Disclosure or Discovery Material or Testimony as "Confidential" shall give written notice of such within twenty (20) days of discovery of such, together with a further copy of the subject Disclosure or Discovery Material or Testimony designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Receiving Party(ies) shall  promptly destroy the inadvertently produced Disclosure or Discovery Material or Testimony and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Disclosure or Discovery Material or Testimony to counsel for the producing Party and shall retain only the "Confidential" designated Disclosure or Discovery Material or Testimony. Should the receiving Party(ies) choose to destroy such inadvertently produced Disclosure or Discovery Material or Testimony, the receiving Party(ies) shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Disclosure or Discovery Material or Testimony protected by attorney-client or work product privileges. In the event that

this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Disclosure or Discovery Material or Testimony, such law shall govern.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATION

6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   <u>Meet and Confer</u>.  In the event that any Party objects to the designation of any Disclosure or Discovery Material or Testimony as "Confidential", said Party shall advise the Designating Party, in writing,  of such objections, the specific Disclosure or Discovery Material or Testimony to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). The Designating Party shall have thirty (30) days (or longer if agreed upon by the Parties in writing) from receipt of the written Designation Objections to either (a) agree in writing to de-designate Disclosure or Discovery Material or Testimony pursuant to any or all of the Designation Objections, or (b) respond in writing with the justification for maintaining the designation (the "Response").

If the Parties are still unable to resolve the issue following the Response, the Designating Party shall have thirty (30) days from the Response date to file a motion (either regularly noticed or ex parte if warranted) with the Court seeking to uphold any or all designations on Disclosure or Discovery Material or Testimony addressed by the Designation Objections (the "Designation Motion"). The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are not timely addressed, then such Disclosure or Discovery Material or Testimony shall be de-designated in accordance with the Designation Objections applicable to such material.

6.3     Burden of Persuasion.  The burden on persuasion in any challenge shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the challenger to sanctions.

Any Designation Motion shall file under seal the challenged Disclosure or Discovery Material or Testimony.  Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Disclosure or Discovery Material or Testimony at issue in such Designation Motion shall remain in place.

## 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2     Disclosure Of Protected Material.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to:

(a)     any named party to this litigation, including his or its/their counsel and any present employee, officer, or director of Defendants or its/their agents to whom it is reasonably necessary that the designated material be shown for purposes of this litigation and who have reviewed and agreed to be bound by this Protective Order;

(b)     experts (as defined in this Protective Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

Case No. 5:19-cv-02389 JGB (SHKx)

STIPULATED PROTECTIVE ORDER

(c)     the Court, its personnel, and trial jurors;

(d)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have reviewed and agreed to be bound by this Protective Order;

(e)     any former employee, officer, or director of any named party to this litigation, including any former employee, officer, or director of Defendants or its agents to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(f)     the author of the Protected Material; and

(g)      any other person agreed to in writing by the Parties (and the Designating Party if not a Party) to whom disclosure is reasonably necessary and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(i)     any mediator or settlement officer and their supporting personnel.

The Parties recognize that discovery is continuing and additional persons to whom disclosure of Protected Material is reasonably necessary for purposes of this litigation may be discovered. The Parties agree to meet and confer with one another (and the Designating Party if not a Party) in the event that any Party wishes to add a person or persons to whom Protected Material may be disclosed. In the event the Parties are unable to agree, the Party seeking disclosure of Protected Material to additional person(s) may bring a motion (or an ex parte application (if good cause exists)) requiring that the Court amend the Protective Order or otherwise allow disclosure of Protected Material to said person(s).

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material, the Receiving Party must so notify the Designating Party, in writing (by email, if possible) immediately and in no event more than three (3) court days after receiving the

subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue. In addition, the Receiving Party may not produce any Protected Material until fifteen (15) calendar days after the Receiving Party has given written notice to the Designating Party, and only if the Designating Party has taken no steps to protect the Protected Material from further disclosure.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from with the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom

unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.   FILING PROTECTED MATERIAL**

10.1.   Procedures In Connection With Filing Protected Material.  A Receiving Party may not file in the public record in this action any Protected Material without complying with United States District Court, Central District of California, Local Rule 79-5 regarding lodging and/or filing material under seal.

Each Party agrees not to oppose any motion to seal Protected Material, except and only to the extent that a Party challenges or has previously challenged, in any manner, the designation of the Protected Material that is the subject of the motion to seal.

10.2.   Procedure In The Event Of A Violation.  If any Receiving Party or other Party learns that, by inadvertence or otherwise, it has filed in the public record Protected Material that has been designated as "Confidential" without a sealing order or under any circumstance not authorized under this Protective Order, the Receiving Party or other Party must immediately use its best efforts to retrieve and remove from the public record all copies of such Protected Material, including by withdrawing from the public record any such improperly filed documents.  In the event that a Designating Party and/or a Producing Party notifies a Receiving Party or other Party, in writing, that such Party has filed Protected Material without a sealing order or under any circumstance not authorized under this Protective Order, the Receiving Party or other Party must make efforts to withdraw from the public record any such improperly filed documents containing and/or attaching unsealed Protected Material within twenty-four (24) hours of the notice provided by the Designating Party and/or a Producing Party. However, the Parties agree any such action, including withdrawal, shall not affect the timeliness of the original filing and the

Parties agree to work together to substitute the unsealed Protected Material with sealed Protected Material.

As an alternative to the procedures described in this Section 10.2, the Parties may mutually agree to utilize a different, but reasonable, method of handling the unauthorized disclosure of Protected Material at the time such issue arises.

All Parties and other persons subject to the terms of this Protective Order agree that the Court shall retain jurisdiction for the purposes of enforcing this Protective Order – including, but not limited to, for the purpose of evaluating any application for injunctive relief and/or other relief.

## 11.   USING PROTECTED MATERIAL AT TRIAL

Not later than thirty (30) calendar days before the date set for trial, the Parties shall meet and confer regarding the procedures for use of Protected Material at trial and shall move the Court for entry of an appropriate order. In the event that the Parties cannot agree upon the procedures for use of Protected Material at trial, either Party may object to the disclosure of Protected Material at trial, and the Court shall resolve any outstanding disputes over such disclosure.

## 12.   FINAL DISPOSITION

Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) calendar days after the settlement or other final termination of this action the Producing Party may request and within fifteen (15) days of such request each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. With permission, in writing, from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies

(by category, when appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, above.

## 13.   **MISCELLANEOUS**

13.1   Right To Further Relief.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2   Right To Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

DATED November 18, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ Hardy Ray Murphy
     Hardy Ray Murphy
     Jerald L. Monson

Attorneys for Defendant
ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC

DATED: November 18, 2020

MATERN LAW GROUP, PC

By: /s/ Scott A. Brooks
Matthew J. Matern
Scott A. Brooks

Attorneys for Plaintiff
LISET VIAMONTES

Pursuant to Local Rule 5-4.3.4(a)(2), I, Jerald L. Monson, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: November 19, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Jerald L. Monson
Hardy Ray Murphy
Jerald L. Monson

Attorneys for Defendants
ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC

## **ORDER**

Pursuant to the Parties' Stipulation, the Court finds good cause to approve the Stipulated Protective Order.

IT IS FURTHER ORDERED THAT:

_____

_____

_____

_____.

IT IS SO ORDERED.

DATED:  November 20 , 2020

By: _____
HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge

Stipulated
Protective.docx

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address of employer], declare under penalty of perjury that:

I have read, in its entirety, and understand the Stipulated Protective Order that was issued by the United States District Court, Central District of California, in the case of *Liset Viamontes v. Advance America, Cash Advance Centers, Inc., et al.*, Case No. 5:19-cv-02389 JGB (SHKx).

I am executing this Acknowledgment And Agreement To Be Bound in order to satisfy the terms, provisions, and conditions set forth in the Stipulated Protective Order, and prior to the disclosure to me of any information, items, and/or documents that have been designated as "Confidential" pursuant to the Stipulated Protective Order.

I will comply with, and agree to be bound by, all of the terms, provisions, and conditions set forth in the Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court.

I will not disclose, in any manner, any information, documents, and/or items that are subject to this Stipulated Protective Order to any person and/or entity except in strict compliance with the terms, provisions, and conditions of this Stipulated Protective Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1        I further agree to submit to the jurisdiction of the United States District Court,

2  Central District of California for the purpose of enforcing the terms of this Stipulated

3  Protective Order, even if such enforcement proceedings occur after disposition of

4  this action.

5

6  DATED: _____   By: _____
                                                Signature

7

8                                       _____
                                                Printed Name

9

10                                     _____
                                          City and State where sworn and signed

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28